CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAR 15 2016

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

DALE GILES,
    Petitioner,

v.

CHRISTOPHER ZYCH,
    Respondents.

Civil Action No. 7:15-cv-00059

MEMORANDUM OPINION

By:   Hon. Michael F. Urbanski
United States District Judge

Dale Giles, a federal inmate proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner is presently confined at a correctional facility within this district, and this matter is before the court on Respondent's motion to dismiss. After reviewing the record, the court concludes that Petitioner fails to demonstrate an entitlement to relief via § 2241 and grants Respondent's motion to dismiss.

**I.**

On October 25, 2007, Petitioner was found guilty in the United States District Court for the District for Nebraska of: three counts of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1); three counts of using a firearm during a drug trafficking crime, in violation of 18 U.S.C. § 924(c); one count of possessing with intent to distribute marijuana, in violation of 21 U.S.C. § 841; and one count of conspiring to possess with intent to distribute marijuana, in violation of 21 U.S.C. § 846. He was sentenced on January 28, 2008, to concurrent life terms on the drug counts, concurrent 120-month terms on the felon in possession counts, and consecutive terms of 120 months, 300 months, and 300 months on each of the § 924(c) counts. Petitioner's life sentences for the drug counts resulted from the application of United States Sentencing Guidelines §§ 2D1.1(d)(1) and 2A1.1 due to the murders of three people during Petitioner's criminal conduct.

Thereafter, Petitioner filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 with the United States District Court for the District for Nebraska, and the United States moved to dismiss one of the § 924(c) convictions. The United States District Court for the District for Nebraska granted the United States' motion and vacated one of the § 924(c) convictions and sentences. However, Petitioner's § 2255 motion was ultimately dismissed on the merits on November 10, 2011.

Petitioner filed the instant petition several years later. Petitioner argues that his two remaining § 924(c) sentences should be vacated because the murders were not charged in the indictment and were used to increase the sentences calculated under the United States Sentencing Guidelines. Petitioner also argues that using the unindicted murders used to increase his sentences violates Alleyne v. United States, __ U.S. __, 133 S. Ct. 2151, 2155 (2013).

## II.

A district court may not entertain a § 2241 petition attempting to invalidate a conviction unless a motion pursuant to § 2255 is "inadequate or ineffective to test the legality of [an inmate's] detention." 28 U.S.C. § 2255(e); Swain v. Pressley, 430 U.S. 372, 381 (1977). A procedural impediment to § 2255 relief, such as the statute of limitations or the rule against successive petitions, does not render § 2255 review "inadequate" or "ineffective." In re Vial, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997). The United States Court of Appeals for the Fourth Circuit has found that § 2255 is inadequate and ineffective to test the legality of a conviction only when a prisoner satisfies a three-part standard:

> (1) [A]t the time of conviction settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and

(3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000).

Petitioner may not challenge his convictions via § 2241. Petitioner fails to explain how a change in substantive law made it legal to be a felon in possession of a firearm, use a firearm during a drug trafficking crime, possess with the intent to distribute marijuana, or conspire to distribute marijuana. In accordance with these charges, the jury found that Petitioner discharged a firearm in violation of 18 U.S.C. § 924(c), and Petitioner fails to establish that the murders were an essential element for the § 924(c) charges, or for any charge, to be proven beyond a reasonable doubt.

Although Petitioner complains about the court's calculations of the United States Sentencing Guidelines, "Fourth Circuit precedent has . . . not extended the reach of [28 U.S.C. § 2255(e)] to those petitioners challenging only their sentence." United States v. Poole, 531 F.3d 263, 267 n.7 (4th Cir. 2008) (citing In re Jones, 226 F.3d at 333-34). The fact that a new § 2255 motion would be time barred or considered successive does not make § 2255 review "inadequate" or "ineffective." Accordingly, Petitioner fails to meet the In re Jones standard to show that § 2255 is inadequate or ineffective to test the legality of his convictions, his claims cannot be addressed under § 2241, and the United States' motion to dismiss must be granted.

### III.

In conclusion, the court grants the United States' motion to dismiss and dismisses the § 2241 petition.

ENTER: This 14th day of March, 2016.

/s/ Michael F. Urbanski
United States District Judge